UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **O'RYAN MISSION, LP** <br> *Plaintiff,* <br><br> v. <br><br> **THE TRAVELERS INDEMNITY COMPANY OF AMERICA** <br> *Defendant.* | § § § § § § § § § | **CIVIL ACTION NO. 7:21-cv-00049** |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Indemnity Company of America ("Travelers" or "Defendant") files its Notice of Removal of this action from the 161st Judicial District of Ector County, Texas, to the United States District Court for the Western District of Texas, Midland-Odessa Division, the district and division embracing where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support, Defendant shows this Court as follows:

1. On February 24, 2021, Plaintiff O'Ryan Mission, LP ("Plaintiff") filed a petition in the 161st Judicial District of Ector County, Texas, styled *O'Ryan Mission, LP v. The Travelers Indemnity Company of America*, where it was assigned Cause No. B-21-02-0202-CV (the "State Court Action").[1]

2. Defendant was served with a citation and the petition on March 5, 2021. Removal is timely because thirty (30) days have not elapsed since Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

---

[1] Plaintiff filed suit after it demanded appraisal. The appraisal is ongoing; however, by agreeing to participate in the appraisal Travelers has not agreed that the appraisal or this lawsuit are proper.

354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served, even if the complaint is received at a prior date).

3. Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 161st Judicial District of Ector County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4. Attached as "Exhibit A" is an appendix of all documents filed in the State Court Action that identifies each document and indicates the date the document was filed in state court, including the state court docket sheet and all process, pleadings, and orders filed or entered in the State Court Action.

5. Defendant has filed contemporaneously with this Notice a civil cover sheet and a separately signed certificate of interested persons and disclosure statement that complies with Federal Rule of Civil Procedure 7.1.

**GROUND FOR REMOVAL: DIVERSITY**

6. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

    **(a)**     **The amount in controversy exceeds the federal minimum jurisdictional requirements.**

7. Plaintiff seeks monetary relief over $100,000.00. *See* Ex. A-2 at ¶ 4. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

    **(b)**     **Complete Diversity between Plaintiff and Defendant Exists.**

8. The citizenship of a limited partnership is determined by the citizenship of its partners. *Carden v. Arkoma Associates*, 110 S. Ct. 1015, 1021 (1990). The general partner of

Plaintiff O'Ryan Mission, Ltd. is Ryan Mission, Inc, which is a Texas corporation with its principal place of business in Texas. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1). On information and belief, Plaintiff's limited partners are also citizens of Texas. Accordingly, Plaintiff was at the time of the filing of this action, has been at all times since, and is still a citizen of Texas.

9. Travelers is incorporated in the state of Connecticut with its principal place of business in Connecticut. Accordingly, Travelers was at the time of the filing of this action, has been at all times since, and is still a citizen of Connecticut.

10. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is a citizen of Connecticut, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 161st Judicial District of Ector County, Texas, be removed to this Court.

Respectfully submitted,

  */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANT
THE TRAVELERS INDEMNITY**

COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

    This is to certify that on March 31, 2021 a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel via certified mail, return receipt requested and electronic mail, in accordance with the Federal Rules of Civil Procedure.

Shaun W. Hodge
HODGE LAW FIRM, PLLC
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas 77550
shodge@hodgefirm.com

                                    */s/ Wm. Lance Lewis*
                                    Wm. Lance Lewis