## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **O'RYAN MISSION, LP** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 7:21-cv-00049** |
| | § | |
| **THE TRAVELERS INDEMNITY** | § | |
| **COMPANY OF AMERICA** | § | |
| *Defendant* | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, O'RYAN MISSION, LP (herein referred to as "Plaintiff"), and pursuant to Fed. R. Civ. P. 15(a)(1)(A), files this *First Amended Complaint,* complaining of THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Defendant"), and for cause of action, Plaintiff would respectfully show this honorable Court the following:

## PARTIES

1.     Plaintiff, O'RYAN MISSION, LP is a limited partnership based in Ector County and is represented by the Hodge Law Firm.

2.     Defendant, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.  Defendant may be served with process by serving its registered agent, CORPORATION SERVICE COMPANY, 211 EAST 7TH

1

STREET, SUITE 620, AUSTIN, TEXAS 78701. Said Defendant removed this case to this Court and has generally appeared herein.

## FACTS

3.      Plaintiff is the owner of Texas insurance policy IH660-0105B950 (hereinafter the "Policy"), which was issued by Defendant.

4.      Plaintiff owns the insured property, which is specifically located at 1 Mission Boulevard, Odessa, Texas 79765, (hereinafter the "Property").

5.      Defendant sold the Policy insuring the Property to Plaintiff.

7.      On or about June 14th, 2017, a wind/hailstorm caused extensive damage to Plaintiff's insured Property.

8.      Plaintiff timely submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the storm event.  Upon information and belief, Defendant assigned number DHZ5481 to the claim.

9.      Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

10.     Defendant inspected the property and issued an insufficient payment in the amount of $0.00 to Plaintiff for the damages.  Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

11.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages

during its investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted.   The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

12.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

13.     To date, Defendant continues to delay in the payment for the damages to the property.  As such, Plaintiff have not been paid in full for the damages to the Property.

## PETITION FOR APPOINTMENT OF APPRAISAL UMPIRE

14.     Pursuant to the terms of the Policy, Plaintiff hereby request an order of this Court setting this matter for a hearing to appoint a neutral and qualified third-party to act as an umpire for an appraisal of damage to the roof of the Plaintiff's property to be performed in accordance with the terms of the Policy, Plaintiff respectfully requests that the Court select an umpire who resides in the State of Texas where the subject property is located. Specifically, Plaintiff requests that this Court set this matter for a hearing and that this Court select one of the following to serve as a third-party umpire:

        Scott Link
        4900 Fourance Place, Suite 274

Bellaire, TX 77401
(713)-225-1118

William McLeod
2950 Unity Dr., #571461
Houston, TX 77257
(281)-788-8110

Eric William Carter
4900 Fournace Place, Suite 560
Bellaire, TX 77401
(713)-227-0042

15.    In support of this First Amended Complaint and request for appointment of an

umpire,  Plaintiff would show this Court as follows:

    a.  Defendant issued Policy No. IH660-0105B950 (the "Policy") to the Plaintiff.

    b.  The Policy had effective dates from November 22nd, 2016 to November 22nd, 2017.

    c.  The Policy contains an Appraisal Provision which provides as follows:

> "**If we and you disagree on the value of the property or on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that a selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss.**
>
> **Each party will:**
>
>     a.  **Pay its chosen appraiser; and**
>     b.  **Bear the other expenses of the appraisal and umpire equally.**
> (Emphasis added)."

(Exhibit "1", at Section G(1)).

4

d.  Parties have thus far been unable to reconcile the differing conclusions of their respective investigations. Parties elected to proceed with the appraisal process under the Policy.

e.  Parties designated their impartial appraisers, but the appraisers for each side have not been able to agree on a third, impartial umpire despite their best efforts.

f.  Pursuant to the authority provided by Tex. Ins. Code §5.4211 and the terms of the appraisal clause in the Policy, a  Court having jurisdiction over this dispute is vested with the authority to select an umpire, after notice of hearing.

g.  Accordingly, as a justiciable controversy is pending between the Parties regarding the selection of an umpire for the appraisal of the Property at 1 Mission Boulevard, Odessa, TX 79768, which may properly be resolved by this Court through the power and jurisdiction granted Texas law and the Policy.

## **PRAYER**

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1)  Subject to Plaintiff's right to seek remand of this case for want of jurisdiction, Plaintiff requests this Court set this matter for a hearing, at which time, and upon notice required by law to the Respondents, this Court may select an impartial appraiser from the list set forth above.

2)      Subject to Plaintiff's right to seek remand of this case for want of jurisdiction,

Plaintiff requests such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**HODGE LAW FIRM, PLLC**
Old Galveston Square
2211 The Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com
**ATTORNEY FOR PETITIONER**